## Case No. 5,898.

### In re HAGAN.

[6 Ben. 407;¹ 10 N. B. R. 383.]

District Court, S. D. New York. April, 1873.

BANKRUPTCY—INTEREST ON CLAIMS PROVED.

Creditors, who have proved their claims against the estate of a bankrupt, are entitled to interest on their claims from the filing of the petition to the date of payment, if the bankrupt's estate is sufficient to pay the same to all.

By I. T. Williams, Register:

[I, the undersigned register, in charge of the above entitled matter, do hereby certify to the judge of this honorable court, that the assets in this case, which have come into the hands of the assignee of the above named bankrupt [Edward Hagan], are more than sufficient to pay in full all claims that have been proved against the same, with interest thereon, besides the fees, costs, and expenses of the several proceedings in bankruptcy in the said matter. That by an order made by me on the 3d day of March, 1873, I directed payment of all the proved claims, with interest thereon, up to the day of filing the petition for the adjudication of bankruptcy herein, which said claims have been duly paid. That afterwards it appearing that there was still sufficient left to pay interest on said claims up to the present time, an application was made on the part of said creditors for the payment of interest thereon from the day of filing the said petition to the present time, which application was opposed by the attorney for the bankrupt, and thereby an issue was duly framed upon the question, whether the said creditors were entitled to have interest allowed on their said claims up to a period beyond the date of filing said petition. I further certify, that in my opinion the said interest is allowable and should be paid up to the day of the payment of such claims respectively. There is nothing in the bankruptcy act [of 1867 (14 Stat. 517)] that would seem to prohibit such payment, when there are sufficient funds in the hands of the assignee to do so. This would seem to be the rule of the English law. Blackstone says (book 2, p. 488), "Though the rule is, that all interest on debts carrying interest shall cease from the time of issuing the commission, yet in case of a surplus left after payment of every debt, such interest shall again revive and be chargeable on the bankrupt or his representatives." Citing 1 Atk. 244.]²

BLATCHFORD, District Judge. I concur in the views of the register.

———

HAGAN'S PETITION. See Case No. 9,802.

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

² [From 10 N. B. R. 383.]

## Case No. 5,899.

### HAGEN v. KEAN et al.

[3 Dill. 124.]¹

Circuit Court, E. D. Missouri. 1875.

DAMAGES FOR DEATH BY WRONGFUL ACT — WHO ARE PERSONAL REPRESENTATIVES.

1. An action is given by a statute of Illinois to the "personal representative" of one whose death is caused by the wrongful act of another. Held, that the words, personal representative, meant the executor or administrator, and that under the statute the widow, although the deceased died without children and she was the sole beneficiary of the amount receivable, could not sue in her own name.

2. Whether such an action can be maintained in another state than the one where the cause of action arose, quaere?

Demurrer [by the defendants, William R. Kean and others] to the petition on the ground of the plaintiff's want of capacity to sue.

W. H. H. Russell, for plaintiff.

Blakeman & Thayer, for defendants.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. In 1853 the state of Illinois enacted what is known in England as "Lord Campbell's Act" (9 & 10 Vict. c. 93). The second section of the Illinois act provides that "every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered shall be for the exclusive benefit of the widow and next of kin" of such deceased person. This action is originally brought in this court by Louisa Hagen, widow of the late Charles E. Hagen, whom the petition states to have been killed in 1870, in the state of Illinois, by the wrongful act of the defendants. The petition states a case within the Illinois act above mentioned. It avers also that the said husband of the plaintiff died without children or next of kin, and that she is his widow and personal representative. It does not aver however, that she has ever taken out letters of administration either in Illinois or Missouri. It does state a case showing that, under the statutes of Illinois, she would as widow be solely entitled to any sum recovered for the wrongful death of her husband.

The right of action in a case of this kind is created by statute, and it must be brought by and in the name of the person whom the statute prescribes shall bring it,—that is the "personal representative" of the deceased. And these words in the statute of Illinois have been authoritatively construed by the supreme court of that state to mean "the executor or administrator." City of Chicago v. Major, 18 Ill. 349; Boutiller v. The Milwaukee, 8 Minn. 97 [Gil. 72]; Western, etc., R. Co. v. Strong, Sup. Ct. Ga., 1874 [52 Ga.

¹ [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]